IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY BRUMFIELD, | ) | |
| # 02773-025, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-CV-679-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

**ORDER**

**STIEHL, District Judge:**

    Before the Court are petitioner Jeffrey Brumfield's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and his motion to appoint counsel (Doc. 4). At petitioner's request, the Court ordered this case be held in abeyance pending the decision of the United States Supreme Court in *Dorsey v. United States* and *United States v. Hill*, both appeals from decisions by the Court of Appeals for the Seventh Circuit that had denied application of the Fair Sentencing Act of 2010, 124 Stat. 2372, to offenders whose underlying offense conduct predated the effective date of the Act, August 3, 2010 (Doc. 3). Last month, the Supreme Court reversed, holding that the Act applies to any offender sentenced after the effective date of the Act regardless of when the offense conduct occurred. *Dorsey v. United States*, --- U.S. ----, 132 S.Ct. 2321, 2326 (2012). Accordingly, the abeyance can be lifted, and the Court now turns to a preliminary review of petitioner's motion under Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

    On April 26, 2010, petitioner pled guilty to one count of possession with intent to distribute five grams or more of cocaine base (crack), *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)

(iii) (2009) (2006 ed., Supp. III), and two counts of distribution of cocaine base, *see* §§ 841(a)(1), 841(b)(1)(C) (Doc. 22, § II, ¶ 1, Case No. 09-cr-30169). He had made two sales of crack cocaine, one of 0.6 grams and another of 0.4 grams, to a confidential informant; police later found 13.8 grams of crack cocaine in petitioner's living room. Under the Sentencing Guidelines at the time, petitioner had an offense level of 31 and a criminal history category of VI, resulting in a sentencing guideline range of 188–235 months. The total quantity of cocaine base constituting petitioner's relevant conduct was between 5 and 20 grams, creating an initial guideline offense level of 24.

On September 27, 2010, the Court sentenced petitioner to 188 months in prison on each count, to run concurrently; four years of supervised release; and a $300 special assessment. It was not until a month later, on November 1, 2010, that emergency amendments to the Sentencing Guidelines in accordance with the Fair Sentencing Act took effect. 75 Fed. Reg. 66188 (2010). The Supreme Court, in *Dorsey*, holds that the Fair Sentencing Act's new mandatory minimums apply to offenders sentenced after August 3, 2010, including before the emergency amendments took effect on November 1. *Dorsey*, 132 S.Ct. at 2335–36.

Petitioner's plea agreement waived his right to appeal or bring a collateral challenge to his conviction and sentence. The waiver, however, does not apply to (1) a sentence imposed "in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)," (2) "any subsequent change in the interpretation of the law by the United States Supreme Court … which is declared retroactive … and which renders the Defendant actually innocent of the charges covered herein," or (3) "appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission" (Doc. 22, § III, ¶¶ 2, 3, Case No. 09-cr-30169)).

Petitioner raises three grounds for relief in his § 2255 motion: (1) that trial counsel was ineffective for failing to file a notice of appeal as petitioner requested, regarding his right to be sentenced under the Fair Sentencing Act; (2) that he should have been sentenced under

2

the Fair Sentencing Act because his sentence was imposed after the Act was signed into law on August 3, 2010; and (3) that the Government breached the plea agreement by not informing petitioner he would be required to testify against his nephew to receive the benefit of being sentenced under § 5K1.1.

In light of the Supreme Court's decision in *Dorsey*, petitioner's claim that he should be resentenced under the Fair Sentencing Act arguably falls within at least one exception to his waiver. For example, his sentence may have been imposed in excess of an applicable statutory minimum under the Fair Sentencing Act. Without commenting on the merits of petitioner's § 2255 motion, the Court concludes that it survives preliminary review under Rule 4(b).

The Court **ORDERS** the Government to file a response to petitioner's motion **within 30 DAYS**. (Response due by August 8, 2012.) The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply, no longer than five pages, by September 7, 2012.

Regarding petitioner's motion to appoint counsel, a § 2255 proceeding is an independent civil suit for which there is no constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011). Under Rule 8(c) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the judge must appoint an attorney to a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A, if an evidentiary hearing is warranted. *See* 18 U.S.C. § 3006A(a)(2)(B). At this time, an evidentiary hearing is not warranted, and thus petitioner's motion to appoint counsel (Doc. 4) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: July 9, 2012**

                                                **/s/ WILLIAM D. STIEHL**
                                                   **DISTRICT JUDGE**